**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| JOSEPH D. GILBERTI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-12337-JEK |
| | ) | |
| UNITED STATES SECRET SERVICE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**<u>ORDER</u>**

**KOBICK, J.**

Joseph D. Gilberti, who is representing himself in this action, has filed a petition for a writ

of mandamus, a motion for leave to proceed *in forma pauperis*, and motions concerning procedural

matters. For the reasons that follow, the Court will dismiss this action as frivolous and deny all

other motions as moot.

**BACKGROUND**

Gilberti brings this action against the United States Secret Service, United States

Department of Justice, United States Congress, United States Senate, United States Department of

Interior, United States Department of Homeland Security, Federal Bureau of Investigation, Army

Corps of Engineers, Council of National Defense, former President Joe Biden, former Vice

President Kamala Harris, former Special Counsel Jack Smith, New York Attorney General Letitia

James, New York District Attorney Alvin Bragg, Special Counsel Jack Smith, Board of

Broadcasting Governors, and the National Resource Defense Council.

Gilberti represents that he is a "licensed professional engineer" in Florida with over thirty

years of "experience in civil/land infrastructure design, with global natural resources." ECF 1, at

2, ¶ 1. On April 3, 2013, he allegedly discovered a "world medicine/unique access to a 'secret underground river' in Sarasota, Florida." *Id.* at 1. Gilberti characterizes this water source as "an 'antioxidant spring water' reservoir," *id.* at 2, ¶ 2, of "endless capacity/flow," *id.* at 6, ¶ 17. Gilberti alleges that, over the last twelve years, a "non-stop attack by Florida cops, State Attorneys, lawyers . . . [and] 'fantastic events' has surrounded [his] efforts" to bring this water to Florida. *Id.* at 2, ¶ 2. According to Gilberti, federal and state government officials conspired to hide his discovery by orchestrating two events that occurred on April 15, 2013: the Boston Marathon bombing, and the increase of a bond on which Gilberti was held. *Id.* at 1. Gilberti alleges that he "has access to verify resource and motive of simultaneous attack on his civil rights . . . timed with [the] Boston Marathon explosions." *Id.* at 2, ¶ 5. Gilberti asserts that the respondents "have purposely hidden the benefits of 'Access to Global Primary Water' to defraud and conspire against the United States to create dissemination to create a water, food, . . . and energy crisis to maintain wars/oppression." *Id.* at 5, ¶ 16 (emphasis omitted).

In his request for relief, Gilberti requests, among other things, that the respondents "work together, verify both Florida and NJ to New York, access points to primary water," and that "all Boston Marathon victims and families be notified of Florida timed events and treachery by all Florida media, sheriffs, DOJ on [the] timed Attack." *Id.* at 10, ¶¶ 19, 22 (emphasis omitted).

## DISCUSSION

When a plaintiff proceeds without legal representation, the Court must construe the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Even so, the Court may dismiss a frivolous complaint *sua sponte* without giving prior notice to the plaintiff. *See Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5, 12 (1st Cir. 1985); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the

plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."). In legal parlance, a claim is "frivolous" when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Examples of claims "whose factual contentions are clearly baseless" include those "describing fantastic or delusional scenarios." *Id.* at 327-28; *see also id.* at 325 ("[T]he "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Gilberti's complaint in this matter lacks an arguable basis in fact. His allegation that the respondents have concealed the benefits of a water source that he allegedly discovered so they could maintain wars and oppression is a "fantastic" and "fanciful" scenario. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quotation marks omitted). His claim that the Boston Marathon bombing was the result of a conspiracy to hide the discovery of this water source is similarly outlandish. *See Gilberti v. World Bank Grp.*, No. 25-cv-297-TL, 2025 WL 1208255, *2-3 (W.D. Wash. Apr. 25, 2025) (dismissing as frivolous a different complaint filed by Gilberti concerning "a massive misappropriation of Florida drinking water, and the Defendants' alleged efforts to silence Plaintiff and prevent him from exposing the crime and/or distributing the drinking water to Americans who might need it" and identifying four similar cases filed by Gilberti in other courts that were dismissed as frivolous). Because "the allegations contained in the complaint, taken in the light most favorable to [Gilberti], are patently meritless and beyond all hope of redemption," *sua sponte* dismissal of this case is warranted. *Gonzalez-Gonzalez*, 257 F.3d at 37; *accord Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007).

## CONCLUSIONS AND ORDERS

For the foregoing reasons, the complaint is DISMISSED as frivolous. All pending motions,

ECF 5, 7, and 11, shall be DENIED as moot.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: May 12, 2025                         UNITED STATES DISTRICT JUDGE